# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHN W. WURST, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. CV416-061 |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The Commissioner of the Social Security Administration (hereafter, the SSA) moves to dismiss as untimely John W. Wurst's Complaint seeking judicial review of the SSA's decision to deny him Disability Insurance Benefits (DIB). Doc. 4. Wurst insists he's not late. Doc. 5.

## I. GOVERNING STANDARDS

One must *timely* seek judicial review of an SSA decision:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The SSA has fleshed out implementation of that statute via regulation:

> Any [such] civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, *unless there is a reasonable showing to the contrary*.

20 C.F.R. § 422.210(c) (emphasis added), quoted in *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007).[1]

The "showing to the contrary" rebuttal requirement is reasonably demanding. *See Cook*, 480 F.3d at 436 (SSA claimant who recalled only receiving notice of claim denial "sometime during" month of August did not rebut the presumption that the SSA's notice arrived

---

[1] Equitable tolling is available but rarely granted. *Rodriguez v. Colvin*, 2016 WL 3196771 at * 4 (E.D. Cal. June 9, 2016). In fact,

> [W]hile we believe the law is well-settled that equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply traditional equitable tolling principles. And traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment.

*Jackson v. Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007) (emphasis original, quotes and cite omitted).

2

within five days of date of its issuance; thus, the 60-day appeal period ran from the end of the five-day period on the first day of the month). "[B]are allegations of mail service delay or allegations that the government did not send the notice in a timely fashion are insufficient to overcome the presumption accorded to the Secretary under the regulations." *Rodriguez*, 2016 WL 3196771 at * 4 (quotes and cite omitted). "Even one day's delay in filing the action is fatal." *Id.* (citing *Cook*, 480 F.3d at 437).

## II. ANALYSIS

The SSA mailed its DIB claim denial letter to Wurst and his attorney on December 11, 2015. Doc. 5 at 7. It warned him of his right to commence a judicial action within 60 days of the date of receipt, and "[w]e assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id.* at 8. The SSA used the U.S. Mail system to transmit its notice. Doc. 4-1 at 4; doc. 5 at 10. Therefore, Wednesday, December 16, 2015 is the presumed receipt date.

Wurst thus had to file this case by Monday, February 15, 2016 (60 days later fell on Sunday, February 14, 2016, so he had until the next business day per Fed. R. Civ. P. 6(a)(1)(C)). Because his February 22, 2016 filing (doc. 1) is too late, the SSA contends, this Court must dismiss his case. Doc. 6 at 3-4.

Wurst says the notice is postmarked December 15, 2016, and he did not actually receive it until December 26, 2015, so his February 22, 2016 filing (within the 60-day rule) is timely. Doc. 5 at 2. That doesn't matter, the SSA insists, since mere denial of timely receipt is not enough. Doc. 6 at 1-2. Also, his attorney does not deny timely receipt. *Id.* at 2-4.

The SSA is correct. "[A] long line of cases indicates that denying the timely receipt of the notice is insufficient, standing alone, to extend the period for filing a lawsuit." *Gay-Allen v. Colvin*, 2015 WL 521038 at * 5 (N.D. Fla. Feb. 9, 2015) (collecting cases). And the SSA's contention -- that there is "no indication or allegation that [his] attorney . . . did not receive the [notice] by the presumptive date of receipt, December, 16, 2015," doc. 6 at 3 -- is unchallenged. Notice to counsel is sufficient. *Roberts v. Shalala*, 848 F. Supp. 1008, 1013 (M.D. Ga. 1994) (the SSA

"regulations 'do provide for notice to claimant's attorney' (20 C.F.R. §§ 404.1705–.1715)"),[2] cited in *Acres v. Comm'r of Soc. Sec.*, 2013 WL 4774753 at * 2 (M.D. Fla. Sept. 4, 2013).

No equitable tolling (*see supra* n. 1) has been shown, either. Even assuming that the SSA actually took four extra days to mail its denial letter, Wurst never contends that anything prevented his counsel from filing his appeal within that shortened time period. Nor did anything prevent him from requesting an extension of time from the SSA, which he was free to do. *See, e.g., Waller v. Comm'r of Soc. Sec.*, 168 F. App'x 919, 920 (11th Cir. 2006), cited in *Bailey v. Astrue*, 2012 WL 5907384 at * 3 (M.D. Ala. Nov. 26, 2012); *see also id.* (mere attorney negligence in causing an untimely filing is not enough to support equitable tolling).

---

[2] The regulations include this:

> (a) We shall send your representative—
>
> > (1) Notice and a copy of any administrative action, determination, or decision; and
> >
> > (2) Requests for information or evidence.
>
> (b) A notice or request sent to your representative, will have the same force and effect *as if it had been sent to you.*

20 C.F.R. § 404.1715 (emphasis added).

## III. CONCLUSION

The motion to dismiss therefore should be **GRANTED**. Doc. 4.

**SO REPORTED AND RECOMMENDED**, this  13th  day of July, 2016.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA